Phillip F. CHOFF, Jr.

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant.

Phillip F. Choff, Jr., and Colleen S. Choff

v.

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 1, 2004.

Decided Nov. 15, 2004.

---

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

BEFORE: FRIEDMAN, Judge and SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles (DOT), appeals two orders of the Court of Common Pleas of Washington County (trial court), both dated March 26, 2004, which granted the appeals of Phillip F. Choff, Jr., and Colleen S. Choff (Appellees), contesting the suspension of their vehicle registrations due to their lapse in insurance coverage for more than thirty (30) days. We now reverse.

The facts of the cases are as follows. On April 8, 2003, Erie Insurance Exchange (Erie Insurance) terminated a policy of motor vehicle liability insurance issued to Appellees and reported the termination of that liability insurance policy to DOT, as required by 75 Pa.C.S. § 1786(e) (relating to obligations upon lapse, termination or cancellation of financial responsibility) and 67 Pa.Code § 221.3 (relating to obligations upon termination of insurance). (R.R. at 27a, 30a). The insurance policy related to a 1999 Chevrolet sedan registered to Mr. and Mrs. Choff and a 2002 Dodge truck registered to Mr. Choff. By separate notices mailed on July 23, 2003, DOT notified Appellees that the registrations for the above-referenced vehicles were being suspended for three months, effective August 27, 2003, pursuant to 75 Pa.C.S. § 1786(d). (R.R. at 7a, 58a). Appellees filed with the trial court timely statutory appeals, pursu-

ant to 75 Pa.C.S. § 1377(a) (relating to judicial review), from each registration suspension. (R.R. at 1a–7a, 52a–58a).

The trial court conducted a hearing *de novo* on November 4, 2003, at which time it considered both appeals. (R.R. at 13a). The trial court first considered the appeal relating to the registration suspension of the Chevrolet sedan. DOT offered into evidence the notification of termination of insurance that it received from Erie Insurance, relating to the Chevrolet sedan, which notification had been duly certified under seal, in conformity with the requirements of 42 Pa.C.S. §§ 6103 and 6109 (relating to proof of official records and relating to photographic copies of business and public records) and 75 Pa.C.S. § 1377(b) (relating to documentation). (R.R. at 15a, 26a–28a). DOT then rested.

Mrs. Choff testified that she and Mr. Choff had been insured by Nationwide Insurance Company for almost ten years, but they switched their insurance coverage to Erie Insurance in January of 2003, as a favor to her brother who received a commission. (R.R. at 15a). Mrs. Choff testified that she was informally notified in May, 2003, that her insurance policy had been cancelled, when her brother called and asked her whether she knew that she did not have insurance. (R.R. at 15a–16a). Mrs. Choff testified that she had believed that she had insurance, and she testified that she had no idea that her insurance had been cancelled because she never received notification from Erie Insurance. (R.R. at 16a). Mrs. Choff explained that she sent in her payment for the policy and then stopped payment on the check because Erie had added a vehicle to her policy that she did not want to be included on it. (R.R. at 16a–17a, 20a–21a). Thereafter, she issued another check. *Id.* She testified that Erie Insurance had its money, and that it "never sent [her] a revised

statement saying that this is the amount of money that [she owed] now, or [she] would have paid that amount of money and this would have never happened." (R.R. at 17a). She stated that it was a misunderstanding between her and her insurance company. *Id.* "Had [she] known that [she] owed this money within this certain amount of time, [she] would have made this payment and [her] insurance would not have been cancelled." (R.R. at 18).

The record includes a notice from Erie Insurance, dated February 13, 2003, and addressed to Mr. and Mrs. Choff at the same address to which DOT's notices were sent, that states "we are notifying you that the above policy is cancelled as of the cancellation effective hour and date shown above. If we have been asked to protect other interests, we are required to advise them of this cancellation." (R.R. at 43a). The indicated date of cancellation was March 17, 2003. The notice stated that the amount of $725.00 was needed to reinstate the policy, and that the balance on the policy was $1,412.00. *Id.* Also included in the record was a certification by the United States Postal Service that a piece of first class mail was mailed to Mr. and Mrs. Choff by Erie Insurance on February 13, 2003, to the address set forth on the notice. (R.R. at 44a).

In addition, the record includes a notice from Erie Insurance, dated February 21, 2003, and addressed to Mr. and Mrs. Choff at the same address to which DOT's notices were sent, that states "since we did not receive the necessary minimum amount in a timely manner, we have extended coverage to 12:01 a.m. standard time, April 08, 2003 and cancellation shall take effect on that date." (R.R. at 40a). That notice indicated that Erie Insurance had received a payment in the amount of $381.00, and it showed a balance of $1,031.00. *Id.* Also included in the record

was a certification by the United States Postal Service that a piece of first class mail was mailed to Mr. and Mrs. Choff by Erie Insurance on March, 21, 2003, to the address set forth on the notice. (R.R. at 41a).

When questioned, Mrs. Choff denied having received a statement acknowledging receipt of her payment and requesting an additional payment on her policy in order to avoid cancellation of the policy. (R.R. at 18a–19a). She also stated that she was not notified that her insurance policy was cancelled as of April 8, 2003. (R.R. at 21a).

Mrs. Choff further testified that immediately after she became aware of the cancellation, she contacted Erie Insurance. (R.R. at 21a). Within a few days, she had secured a new insurance policy, which became effective May 16, 2003. (R.R. at 21a–23a). Mrs. Choff acknowledged that she acquired her insurance policy more than thirty days after the date of cancellation. (R.R. at 23a).

The trial court next considered the appeal relating to the registration suspension of the Dodge truck. DOT offered into evidence the notification of termination of insurance that it received from Erie Insurance, which notification also had been duly certified under seal. DOT then rested. Mrs. Choff testified that the same insurance policy covered both vehicles. Therefore, her position was the same for that appeal. Mr. Choff added that he was unaware that "any of this was going on," because his wife pays the insurance bill.

The trial court issued separate but identical orders, dated March 26, 2004, granting Appellees' "appeal contesting the recall of their registration due to their lapse in insurance coverage for more than thirty (30) days...." (Trial court orders attached to DOT's brief at Appendixes "A" and "B"). The orders read as follows:

[T]his Court believes the [Appellees] did not receive proper notification from Erie Insurance that the insurance policy was being canceled as of April 8, 2003. This Court further finds that Appellants did secure insurance within the thirty (30) day period mandated by Section 1786 of the Vehicle Code from the date of May 16, 2003, the time in which Appellants learned the automobile insurance was being canceled for non-payment of premium.

*Id.* DOT timely appealed the trial court's orders to this Court.[1]

On appeal, DOT argues that the trial court committed reversible error in sustaining Appellees' appeals, given that the documents introduced into evidence by DOT established that the insurance coverage on the subject vehicles had lapsed and Appellees failed to prove that their appeals should be sustained on the basis of the statutory "exception" found in 75 Pa.C.S. § 1786(d)(2)(i). Similarly, DOT argues that the trial court committed reversible error and exceeded the scope of its review in sustaining Appellees' appeals, given that the documents introduced into evidence by DOT established that the insurance coverage on the subject vehicles had lapsed and Appellees' only defense was to attempt to prove that their insurance policy had been terminated improperly.[2]

---

1. The appeal relating to the Dodge truck is docketed as 828 C.D. 2004, and the appeal relating to the Chevrolet sedan is docketed as 835 C.D. 2004.

2. By order dated August 19, 2004, this Court directed Appellees to file their brief within

fourteen days or they would be precluded from oral argument and from filing a brief. Appellees failed to comply with that order. Therefore, by order, dated September 20, 2004, the Court precluded Appellees from fil-

■ First, we will address the argument that the trial court committed reversible error, given that the documents introduced into evidence by DOT established that the insurance coverage on the subject vehicles had lapsed and Appellees' only defense was to attempt to prove that their insurance policy had been terminated improperly. We must agree with DOT that it met its burden to establish that coverage had lapsed and Appellees failed to establish that the termination of insurance was improper.

The Motor Vehicle Financial Responsibility Law (the MVFRL), 75 Pa.C.S. §§ 1701–1799.7, provides that DOT shall suspend the registration of a vehicle for a period of three months if it determines that the required financial responsibility was not secured.[3] *See* 75 Pa.C.S. § 1786(d)(1). Under Section 1786 of the MVFRL, DOT has the burden to prove that (1) the vehicle is registered or of a type required to be registered and (2) that DOT received notice of the cancellation from the insurance company. 75 Pa.C.S. § 1786(d)(3)[4]; *see also Eckenrode v. Department of Transportation, Bureau of Driver Licensing,* 853 A.2d 1141 (Pa. Cmwlth.2004). DOT may satisfy its burden by certifying that it received documents or electronic transmissions from the insurance company informing DOT that the insurance coverage has been terminated. 75 Pa.C.S. § 1377(b)(2)[5]; see also

---

ing a brief. Hence, we have not been presented with any arguments from Appellees.

3. Subsection (d)(1), as amended by the Act of December 9, 2002, P.L. 1278, No. 152, reads as follows:

[DOT] shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if [DOT] determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility. The operating privilege shall not be restored until the restoration fee for operating privilege provided by section 1960 (relating to reinstatement of operating privilege or vehicle registration) is paid.

4. 75 Pa.C.S. § 1786(d)(3), provides, in pertinent part, as follows:

An owner whose vehicle registration has been suspended under this subsection shall have the same right of appeal under section 1377 (relating to judicial review) as provided for in cases of the suspension of vehicle registration for other purposes.... *The court's scope of review in an appeal from a vehicle registration suspension shall be limited to determining whether:*

(i) the vehicle is registered or of a type that is required to be registered under this title; and

(ii) there has been either notice to [DOT] of a lapse, termination or cancellation in the financial responsibility coverage as required by law for that vehicle or that the owner, registrant or driver was requested to provide proof of financial responsibility to the department, a police officer or another driver and failed to do so. Notice to [DOT] of a lapse, termination or cancellation or the failure to provide the requested proof of financial responsibility shall create the presumption that the vehicle lacked the requisite financial responsibility. This presumption may be overcome by producing clear and convincing evidence that the vehicle was insured at all relevant times.

(Emphasis added).

5. 75 Pa.C.S. § 1377(b)(2), *as amended by* the Act of December 9, 2002, P.L. 1278, provides as follows:

In a proceeding relating to the suspension of the registration of a motor vehicle imposed under section 1786 (relating to required financial responsibility), The department's certification of its receipt of documents or electronic transmission from an insurance company informing the department that the person's coverage has lapsed, been canceled or terminated shall also constitute prima facie proof that the lapse, cancellation or termination of the policy of insurance described in the elec-

*Eckenrode.* Once DOT meets that burden, two presumptions arise: (1) that the cancellation was effective under 75 Pa.C.S. § 1377(b)(2), and (2) that the vehicle in question lacks the requisite financial responsibility under 75 Pa.C.S. § 1786(d)(3)(ii). *Eckenrode.*

In the case at hand, DOT met its burden of proof to establish the lack of financial responsibility coverage for Appellees' two vehicles when it offered into evidence the termination notices forwarded to DOT by Erie Insurance. The introduction of the notices to DOT created a presumption that financial responsibility was lacking, which could only be overcome by Appellees producing clear and convincing evidence that the vehicle was insured at all relevant times. *See* 75 Pa.C.S. § 1786(d)(3). It appears that Appellees attempted to overcome the presumption by showing that they did not receive proper notification regarding the cancellation of their policy, thereby causing the termination to be ineffective. However, we must conclude that Appellees failed to overcome the presumption.

In *Cain v. Department of Transportation,* 811 A.2d 38 (Pa.Cmwlth.2002), *petition for allowance of appeal denied,* 573 Pa. 673, 821 A.2d 588 (2003) and 573 Pa. 679, 822 A.2d 705 (2003), this Court held that failure of an insurer to send requisite notice of the non-renewal or cancellation of automobile insurance policy to its insured precluded the termination of insurance coverage because it removed the factual or legal basis for DOT to suspend the termination. Similarly, in *Beitler v. Depart-*

*ment of Transportation, Bureau of Motor Vehicles,* 811 A.2d 30 (Pa.Cmwlth.2002), *petition for allowance of appeal denied,* 576 Pa. 714, 839 A.2d 353 (2003), we held that if the insurer did not send the required notice of non-renewal or cancellation of an automobile insurance policy, coverage does not terminate. In *Beitler,* this Court required DOT to show, in cases involving a termination for non-payment of premium, that a notice of cancellation was sent, if required. *Id.* Absent such notice, a cancellation was not effected and DOT could not suspend a registration. *Id.*

However, after *Cain* and *Beitler* were decided, the General Assembly passed Act 152, the Act of December 9, 2002, P.L. 1278, which amended 75 Pa.C.S. § 1377 and 75 Pa.C.S. § 1786. Act 152 added subsection § 1786(d)(5), which specifies that an alleged cancellation or termination of a policy may only be challenged by requesting review by the Insurance Commissioner.[6] That section reads as follows:

> An alleged lapse, cancellation or termination of a policy of insurance by an insurer may only be challenged by requesting review by the Insurance Commissioner pursuant to Article XX of the act of May 17, 1921 (P.L. 682, No. 284), known as The Insurance Company Law of 1921.[7] Proof that a timely request has been made to the Insurance Commissioner for such review shall act as a supersedeas, staying the suspension of registration or operating privilege under this section pending a determination pursuant to section 2009(a) of The Insurance Company Law of 1921, or, in the

tronic transmission was effective under the laws of this Commonwealth.

**6.** Act 152 also created the presumption that the cancellation of insurance by the insurance company was effective under the laws of Pennsylvania so long as DOT certified that it received a notice of cancellation by the insur-

ance company. *See Eckenrode,* n. 8, for more discussion regarding the Act 152 amendments.

**7.** Act of May 17, 1921, P.L. 682, *as amended by* the Act of June 17, 1998, P.L. 464, 40 P.S. §§ 991.2001–2013.

event that further review at a hearing is requested by either party, a final order pursuant to section 2009(i) of The Insurance Company Law of 1921.

This Court in *Eckenrode* considered the effect of Section 1786(d)(5) of the MVFRL in matters where a person asserts that the cancellation of insurance was ineffective because the insurance company did not follow the statutory requirements for canceling a policy. In *Eckenrode*, the appellant's insurance policy was cancelled for failure to pay the premium and DOT suspended the appellant's vehicle registration. The Court wrote:

> While Section 1786(d)(5) of the MVFRL requires a licensee to bring any challenge to the termination of insurance before the Insurance Department, Section 2006 of Article XX of the Insurance Company Law of 1921 provided that no cancellation of automobile insurance is effective 'unless the insurer mails or delivers to the named insured at the address shown in the policy a written notice of the cancellation....' 40 P.S. § 991.2006.

*Eckenrode*, 853 A.2d at 1145.

In *Eckenrode*, proof of mailing the notice of cancellation to the appellant was introduced into evidence. However, the address to which the insurance company mailed the notice was different from the address at which the appellant resided. There was no finding as to whether the address to which the insurance company mailed the notice was the same address as contained in the policy, as required by Section 2006 of Article XX of the Insurance Company Law of 1921. Therefore, the Court remanded the matter to the trial court for a determination as to that issue with instruction that if the addresses on the policy and notice were the same, then

the cancellation was effective and the suspension was proper. If the two were not the same, then the cancellation was ineffective and DOT did not have the authority to impose a suspension. In directing such, the Court stated that the person "need not actually receive the notice to be effective; instead, the insurance company must mail the notice to the address on the policy as it would in the regular course of business." *Eckenrode*, 853 A.2d at 1145, n. 11.

In the case at hand, Appellees challenged the cancellation of their policy on the basis of improper notice by filing a complaint with the Insurance Commissioner. (R.R. at 49a–51a). However, the Insurance Department dismissed the complaint as untimely. *Id.* Regardless, the Insurance Department stated that it had reviewed the matter and determined that the insurance company had mailed the required notice and had properly canceled the policy due to nonpayment of a premium. *Id.* The Insurance Department explained as follows:

> [D]uring the course of our review we determined that the insurance company canceled the policy due to nonpayment of premium due in the amount of $725 due on or before March 17, 2003. A payment of $381 was received; however it was not the minimal amount due to prevent cancellation. Therefore, on February 21, 2003, notice of cancellation was issued to be effective April 8, 2003. The company has provided a copy of the required notice of cancellation along with evidence of mailing. Act 68 [8] permits an insurance company to cancel your policy if you did not pay the premium by the due date. The Act only requires one notice of cancellation be sent to the policyholder. Even if you paid after the due date, or before the

---

8. The Act of June 17, 1998, P.L. 464, No. 68 is commonly referred to as "Act 68."

effective date of the cancellation, Act 68 does not require the insurance company to continue your policy.

(R.R. at 49a).

Based upon the above explanation, the Insurance Department wrote that "there has been a lapse in your insurance protection for more than 31 days. Therefore, we are unable to assist you in avoiding a suspension of your registration...." *Id.*

We agree with the analysis set forth by the Insurance Department, which is supported by the documents of record in this case. Therefore, we cannot conclude that Erie Insurance did not properly notify Appellees of the cancellation of their policy.[9] Hence, Appellees failed to rebut the presumption of termination by establishing that Erie had improperly terminated their insurance policy, thereby negating the effectiveness of the termination.

Unfortunately for Appellees, there is no statutory provision that allows a trial judge to sustain Appellees' appeal on the basis of an alleged misunderstanding with Erie Insurance when proper notice of cancellation was provided.

■ Next, we will address the argument that the trial court committed reversible error in sustaining Appellees' appeals, when the documents introduced into evidence by DOT established that the insurance coverage had lapsed and Appellees failed to prove that their appeals should be sustained on the basis of the statutory "exception" found in 75 Pa.C.S. § 1786(d)(2)(i). We must agree with DOT

that it met its burden to establish that coverage had lapsed and Appellees failed to meet their burden to establish that they were entitled to a statutory exception.

An exception exists when:

the owner or registrant proves to the satisfaction of [DOT] that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.

75 Pa.C.S. § 1786(d)(2)(i).[10]

Appellees cannot be said to have met the burden of establishing that they are entitled to an exception. Appellees did not establish that the lapse in insurance coverage was for a period of less than thirty-one days and that they did not operate or permit the operation of the vehicle during the period of lapse in coverage. As discussed above, Mrs. Choff acknowledged that Appellees' insurance coverage lapsed for more than thirty days. The insurance policy was cancelled on April 8, 2003, and a new policy did not become effective until May 16, 2003, after the passage of thirty-eight days. Moreover, no evidence was offered to establish that Appellees did not permit the vehicles to be operated during the lapse in coverage. Rather, the testimony suggested that the vehicles were operated during that time period, as Mrs. Choff testified that they were unaware of the lapse and both she and her husband required the use of a vehicle to get to their places of employment.

---

9. We also note that Appellees' attempt to relitigate this issue may be precluded as a collateral attack on the Insurance Department's determination. However, because we concur with the Insurance Department's determination, we need not address that issue.

10. Two other limited exceptions exist, but they are clearly inapplicable to the case at hand. *See* 75 Pa.C.S. § 1786(d)(2)(ii) and (iii).

Accordingly, the orders of the trial court are hereby reversed.

### ORDER

AND NOW, this 15th day of November, 2004, the orders of the Court of Common Pleas of Washington County, are hereby reversed.