Karen K. DEKLINSKI and
Joseph A. Deklinski

v.

COMMONWEALTH of Pennsylvania,
DEPARTMENT OF TRANSPORTA-
TION, BUREAU OF MOTOR VEHI-
CLES, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 12, 2007.

Decided Dec. 24, 2007.

Terrance M. Edwards, Asst. Counsel and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

George A. Michak, Harrisburg, for appellee.

BEFORE: LEADBETTER, President Judge, COLINS, PELLEGRINI, FRIEDMAN, COHN JUBELIRER, SIMPSON and LEAVITT, Judges.

1. *See* Section 1786(e) of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1786(e) (relating to insurers' obligations upon lapse, termination, or cancellation of financial responsibility) and 67 Pa.Code § 221.3 (relating to obligations upon termination of insurance).

2. Section 1786(d)(1) provides that:
The Department of Transportation shall suspend the registration of a vehicle for a period of three months if it determines the

OPINION BY Judge COHN JUBELIRER.

The Department of Transportation, Bureau of Motor Vehicles (Department), appeals from an order of the Court of Common Pleas of Cumberland County (trial court) that sustained the statutory appeal of Karen K. Deklinski and Joseph A. Deklinski (collectively, the Deklinskis) from a three-month suspension of their vehicle registration.

The Deklinskis are the registered owners of a 2000 Saturn sedan, title number 53804414 (vehicle), that is, and was, insured by Allstate Insurance Company (Allstate). The Department, by letter dated April 20, 2006, informed the Deklinskis that it received information from Allstate regarding the cancellation of automobile insurance on the vehicle.[1] The letter listed the date of cancellation as March 9, 2006. The letter also requested verification of coverage on the vehicle and informed the Deklinskis that failure to respond within three weeks may result in the suspension of the vehicle's registration. The Deklinskis failed to provide the requested information and the Department, by official notice dated June 6, 2006, informed the Deklinskis that the registration for the vehicle would be suspended for three months effective July 7, 2006, as authorized by Section 1786(d)(1) of the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. § 1786(d)(1).[2] The

required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility. The operating privilege shall not be restored until the restoration fee for operating privilege provided by section 1960 (relating to rein-

Deklinskis appealed the suspension to the trial court.

At the *de novo* hearing before the trial court the Department submitted the following documents into evidence in support of the registration suspension: (1) the official notice of suspension dated June 6, 2006; (2) an electronic transmission from Allstate, entitled "Suspension Inquiry DetaiI1" (SID Form); (3) a Department computer printout of the vehicle's details; (4) the Department's initial letter to the Deklinskis, dated April 20, 2006; and (5) a registration record that appears in the Deklinskis' file in the Bureau of Motor Vehicles, Harrisburg, Pennsylvania.[3]

In response, Ms. Deklinski testified as follows. In February 2006, she made a partial payment to Allstate for payment of the insurance premium on the vehicle. Allstate informed her that the remaining premium balance was due on March 9, 2006. Ms. Deklinski mailed a check on March 8, 2006; however, that check was never cashed.

The Deklinskis received notice in the first week of April that the vehicle's insurance had lapsed.[4] The Deklinskis contacted their Allstate agent, who told them not to worry and that he would contact the Department and get proof of insurance. When the Deklinskis did not receive proof of insurance they contacted the Department and were informed that there was no insurance on the vehicle. The Deklinskis did not continue to drive the vehicle.

The Deklinskis received the Department's letter, dated April 20, 2006, on April 25, 2006. The following day the Deklinskis delivered a check to Allstate and Allstate reinstated insurance coverage on the vehicle as of April 29, 2006. Ms. Deklinski further testified that she was under the impression that Allstate terminated insurance coverage on the vehicle on April 11, 2006. Ms. Deklinski stated that the basis for her belief was formed by a printout of a computer screen that her Allstate agent sent to her and to the Department, which listed the termination endorsement date as April 11, 2006.

In addition to Ms. Deklinski's testimony, the trial court, over the Department's objection, admitted into evidence the printout of the computer screen that Allstate generated and a copy of the Deklinskis' "check register" for the period of March 1, 2006 through March 15, 2006.

■ The trial court entered an order on November 28, 2006, which sustained the Deklinskis' appeal and reversed the Department's vehicle registration suspension. In an accompanying opinion, the trial court opined, in pertinent part, that:

In the present case, the factual issue(s) for determination by the court are not whether Petitioners' vehicle had been uncovered by insurance for some period, but (a) when that period commenced, (b) whether it was less than thirty-one days, and (c) whether the vehicle had been driven during that period. The only evidence presented by the Commonwealth to support its position

statement of operating privilege or vehicle registration) is paid.
75 Pa.C.S. § 1786(d)(1).

**3.** In addition to the documents described, the Department also submitted the certification of Kurt Myers, Director of the Bureau of Motor Vehicles of the Pennsylvania Department of Transportation, certifying that all of the sub-

mitted documents are true and correct. (Trial Ct. Tr., Cmwlth's Ex. 1.)

**4.** Although Ms. Deklinski stated that she could not remember whether the notice was from the Department or Allstate, the trial court determined that it must have been from Allstate because it was not reflected in the Department's records. (Trial Ct. Op. at 2.)

on the first issue was a docket-type notation reading "Determination Date: 03/09/06," a cryptic and undocumented reference. Given the balance of the evidence, the court is of the · view that Petitioners' situation falls within the exception to suspension provided by the legislature, in that the period of non-coverage of Petitioners' vehicle was less than thirty-one days and that the vehicle was not driven during the period of non-coverage.

(Trial Ct. Op. at 5.) The Department's appeal followed.[5]

The Department raises two issues on appeal: (1) whether the trial court's finding, that the Deklinskis proved by clear and convincing evidence that the lapse of financial responsibility on their vehicle was less than thirty-one days and the vehicle was not driven during that period, is supported by substantial evidence; and, (2) whether the trial court abused its discretion if it sustained the Deklinskis' statutory appeal to help them avoid economic hardship.

█ "In a suspension of registration case," such as the present one, "the Department has the initial burden of showing that a registrant's vehicle is registered or is a type of vehicle that must be registered and that the Department received notice that the registrant's financial responsibility coverage was terminated." *Fagan v. Department of Transportation, Bureau of Motor Vehicles*, 875 A.2d 1195, 1198 (Pa. Cmwlth.2005) (citing 75 Pa.C.S. § 1786(d)(3)). Statutory authority provides that *"the department's **certification** of its receipt of documents or electronic transmission from an insurance company*

informing the department that the person's coverage has lapsed, been canceled or terminated *shall also constitute prima facie proof*" of such termination. 75 Pa. C.S. § 1377(b)(2) (emphasis added); *accord Fagan*, 875 A.2d at 1198 ("[t]he Department may satisfy this burden by certifying its receipt of documents or of an electronic transmission from an insurance company stating that a registrant's financial responsibility coverage has been terminated.")

If the Department meets its burden, a presumption arises that the registrant lacked the necessary financial responsibility coverage. *Fagan*, 875 A.2d at 1198. The registrant may rebut this presumption by presenting clear and convincing evidence of record "that financial responsibility was continuously maintained on the vehicle as required by Section 1786(a) of the MVFRL, 75 Pa.C.S. § 1786(a), or that the vehicle owner fits within one of the three statutorily defined defenses outlined in Section 1786(d)(2)(i-iii). . . ." *Fell v. Department of Transportation, Bureau of Motor Vehicles*, 925 A.2d 232, 237–38 (Pa. Cmwlth.2007) (en banc) (footnote omitted).

This Court, sitting en banc in *Fell*, addressed a similar issue relating to the content of the electronic transmission provided by the Department and rejected the argument as to the transmissions form and content. The *Fell* case involved a document that was identical to the SID Form in the present case. In *Fell*, the trial court took great issue with the format and content of the SID Form certified by the Department. The trial court, in *Fell*, reasoned that:

> whether the court committed a reversible error of law or abused its discretion." *Fagan v. Department of Transportation, Bureau of Motor Vehicles*, 875 A.2d 1195, 1198 n. 1 (Pa. Cmwlth.2005).

---

**5.** Our standard of review "of a trial court order sustaining a statutory appeal from a suspension of registration is limited to determining whether the necessary findings of fact are supported by substantial evidence and

the rule which allows [the Department] to produce a non-validated, uncertified, undated, contextually vague, electronically generated document in satisfaction of its burden of proof in a matter as serious as a registration suspension is incorrect and works an unfairness on the registration holder. In the registration suspension appeals brought before this Court, [the Department] has only supplied the electronically derived document as evidence of non-insurance and has never offered the alternative proof of certified documents. [The Department's] application of 75 Pa.C.S.A. § 1377(b)(2) promotes situations, like the instant one, where the electronic transmission erroneously and improperly issued, and its bald assertion of insurance termination triggered [the Department's] response of a final registration suspension.

*Id.*, 925 A.2d at 239 n. 11 (quoting *Department of Transportation v. Fell*, No. 05–6375–31–6, 2006 Pa. Dist. & Cnty Dec. Lexis 214, (Bucks County C.P.Pa. filed June 1, 2006)). We rejected this position, noting that the SID Form was *certified* by the Department as being a record of an electronic transmission from the registrant's insurer. We relied on statutory authority that puts the focus on the Department's *certification*, specifically, that:

the language of Section 1377(b)(2) of the Vehicle Code specifically directs that "the department's certification of its receipt of documents or electronic transmission from an insurance company informing the department that the person's coverage has lapsed, been canceled or terminated *shall also constitute prima facie proof* that the lapse, cancellation or termination of the policy of insurance described in the electronic transmission was effective under the laws of this Commonwealth." 75 Pa. C.S. § 1377(b)(2) (emphasis added).

*Fell*, 925 A.2d at 238 n. 11. This Court has repeatedly held that the Department's certification constitutes prima facie proof. *Id.* at 237; *Webb v. Department of Transportation, Bureau of Motor Vehicles*, 870 A.2d 968, 973 (Pa.Cmwlth.2005) ("We emphasize again that DOT's introduction into evidence before a trial court of its receipt of notice from an insurer of a policy cancellation creates a *rebuttable* presumption that the vehicle at issue lacked the requisite financial responsibility, for purposes of DOT's suspension of a vehicle's registration."); *Choff v. Department of Transportation, Bureau of Motor Vehicles*, 861 A.2d 442, 446 (Pa.Cmwlth.2004) ("[The Department] may satisfy its burden by certifying that it received documents or electronic transmissions from the insurance company informing [the Department] that the insurance coverage has been terminated.")

■ In the present case, the trial court erred by focusing on the format and design of the SID Form, and by failing to apply the statutory language that the Department's *certification* "shall ... constitute prima facie proof...." 75 Pa.C.S. § 1377(b)(2). Given this statutory authority and precedent, we conclude that the Department has met its prima facie burden, thus giving rise to a presumption that the financial responsibility coverage for the Deklinskis' vehicle was invalid.

■ The more difficult question is whether the Deklinskis have produced clear and convincing evidence, on the record, to rebut the presumption that arises from the Department having met its prima facie burden. Although a challenge to an insurance cancellation may only be brought before the Insurance Commissioner, "a court reviewing a [Department] registration suspension appeal may certainly examine *the record before it* to determine whether an insured's evidence has over-

come the applicable presumption established by [the Department]." *Webb,* 870 A.2d at 974 (emphasis added). However, "[a]s to an examination, beyond the record on its face, into the validity of an insurer's policy cancellation, ... said examination is properly brought for review to the Insurance Commissioner under Section 1786(d)(5), and not to a trial court." *Id.* at 974.

In the present case, the record before the trial court indicated that Allstate had forwarded a letter and an attachment to the Department that the policy terminated on April 11, 2006. The body of the letter, in its entirety, reads as follows: "[p]lease see copy of computer screen acknowledging termination endorsement effective 04/11/2006." (Letter from Paul Mattus of Allstate to the Department (Letter) (June 21, 2006).) The attachment, which was a printout of a computer screen, had an information item titled "TERM ENDORSE 041106." (Attachment to Letter.) The term "termination endorsement" is not defined in any of the evidence of record.[6]

■ As previously discussed, in order to rebut the presumption, registrants must present "clear and convincing evidence," which is defined as evidence "that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Fell,* 925 A.2d at 239 (quoting *Fagan,* 875 A.2d at 1199). In this case, the Deklinskis have not produced sufficient evidence of record to meet that standard. In particular, it is not clear what the term "termination endorsement" means or to what it applies. It may mean that the insurance was terminated as of April 11, 2006 (and not March

9, 2006), but it simply is not clear that this is what it precisely means. Thus, we conclude that the record evidence, itself, does not rebut the presumption by clear and convincing evidence. However, there does seem to be a cognizable issue as to the validity of the insurance termination. Resolution of such an issue lies with the Insurance Commissioner. 75 Pa.C.S. § 1786(d)(5).

Our Court, in *Webb,* found that, in instances such as this one, the registrant should be afforded an opportunity to transfer for a timely *nunc pro tunc* appeal to the Insurance Commissioner. *Webb,* 870 A.2d at 974–75. Accordingly, we vacate the trial court's order and remand the matter with instructions to the trial court to hold the suspension appeal of the Deklinskis in abeyance pending the Insurance Commissioner's review and disposition of the Deklinskis' *nunc pro tunc* request for review of their insurance policy cancellation.

### *ORDER*

**NOW,** December 24, 2007, the order of the Court of Common Pleas of Cumberland County in the above-captioned matter is vacated and this matter is remanded with instructions to the trial court to hold the suspension appeal of Karen K. Deklinski and Joseph A. Deklinski in abeyance pending the Insurance Commissioner's review and disposition of the Deklinskis' *nunc pro tunc* request for review of their insurance policy cancellation.

Jurisdiction Relinquished.

---

**6.** Additionally, the record reflects that, although the trial court afforded the Deklinskis an opportunity to postpone the appeal hearing so as to have a representative of Allstate testify, the Deklinskis declined that opportunity.

DISSENTING OPINION BY Judge COLINS.

I must respectfully dissent from the majority opinion, as I do not believe that *Fell* should control in the instant matter.

The Department couches the first issue before this Court as a question of whether the Deklinskis submitted sufficient evidence to fit within the first exception to a registration suspension. However, that question becomes relevant only when the Department satisfies its initial burden. Although the trial court's opinion does not acknowledge the above noted burdens, it is clear that the trial court found the Department's evidence insufficient to sustain the registration suspension. With this in mind, we must proceed to evaluate whether the parties satisfied their respective burdens.

The Department submits that it met its initial burden through the submission of its certified documents. Specifically, the Department asserts that the document labeled "SUSPENSION INQUIRY DETAIL1" established that Allstate terminated the Deklinskis' policy on March 9, 2006. In support of that position, the Department argues that the document

> shows that the 'DETERMINATION DATE' as reported by Allstate for the cancellation of the Deklinskis' policy of insurance was '03/09/06' (R.R. 54a). The 'TERM[INATION] REASON' was for 'NON PYMNT,' i.e., nonpayment of the premium. Id.

(Brief of Department at 26). The Department continues that the document is the same electronic transmission sent to the Department by Allstate.

After reviewing the document titled "SUSPENSION INQUIRY DETAIL1" it is clear that the document, standing alone, is not sufficient to establish that Allstate terminated the Deklinskis' insurance policy on March 9, 2006. The document does not contain a termination date. In fact, contrary to the Department's insertion of the word in the above quoted passage, the actual word "termination" does not appear anywhere in the document. Instead, the document lists "DETERMINATION DATE: 03/09/06" without any further explanation. The document also lists other cryptic references, such as, "SOURCE: CA CANCEL" and "STATUS: P PENDING." Moreover, as exhibited in the above quoted passage, these references are not clear without additional explanation or context. However, before the trial court, the Department relied solely on the information contained in the document and it cannot now give meaning to the terms through counsel's arguments. *See Grover v. Department of Transportation, Bureau of Driver Licensing,* 734 A.2d 941, 944 (Pa.Cmwlth.1999). Consequently, the Department's certified documents, as presented to the trial court, were not sufficient to satisfy the Department's initial burden.

Because the Department failed to establish that insurance coverage on the Deklinskis' vehicle was terminated on March 9, 2006, the burden never shifted to the Deklinskis to prove otherwise. Nevertheless, the trial court credited Mrs. Deklinskis' testimony that any lapse that may have occurred was for less than 31 days and during that period the vehicle was not driven. Accordingly, the trial court's decision, sustaining the Deklinskis appeal and reversing the vehicle registration suspension, was supported by substantial evidence.

The Department's assertion that the trial court abused its discretion by sustaining the Deklinskis' statutory appeal to help them avoid economic hardship must also be rejected. Although I agree with the Department that economic hardship is not

a basis for sustaining an appeal, *Banks v. Department of Transportation, Bureau of Motor Vehicles,* 856 A.2d 294 (Pa.Cmwlth. 2004), the Department has offered no evidence to support its position.

Since the trial court accepted the Deklinskis' testimony and evidence as credible, it is my judgment that this Court is substituting its factual determinations for those of the trial court.

Judge FRIEDMAN joins in this dissenting opinion.