IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Keller Sr.                :

                                      : No. 1016 C.D. 2015
                v.             : Submitted: February 12, 2016
                                        :

Commonwealth of Pennsylvania,    :
Department of Transportation,      :
Bureau of Motor Vehicles,         :
                                        :
             Appellant    :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                             FILED: March 2, 2016


The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles (Department) appeals the order of the Bradford County Court of Common Pleas (trial court) denying the Department's three-month suspension of the registration for Richard Keller Sr.'s (Keller) 2005 Chevrolet station wagon imposed pursuant to Section 1786(d) of the Vehicle Code.[1] We reverse and reinstate the three-month registration suspension.

---

[1] 75 Pa. C.S. §1786(d). Section 1786(a) of the Vehicle Code requires that "[e]very motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility." 75 Pa. C.S. §1786(a). Section 1786(d)(1) states, in relevant part:

> (1) The [Department] shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall

**(Footnote continued on next page…)**

Viking Insurance Company of Wisconsin (Viking) electronically sent the Department notice that the insurance on Keller's vehicle was terminated as of July 14, 2014, due to non-payment of the premium. Reproduced Record (R.R.) at 31a. By letter dated August 5, 2014, the Department informed Keller that it had received notice of the cancellation from Viking. The letter also listed seven scenarios[2] and the information that the Department required under each regarding the status of Keller's insurance and advised him of the potential consequences associated with the failure to maintain his insurance and the measures that he could take in this regard. *Id.* at 33a-34a. By official notice dated September 21, 2014, the Department advised Keller that as a consequence of his failure to provide proof of insurance for his vehicle, the registration was being suspended for a period of three months, effective October 26, 2014, pursuant to Section 1786(d) of the Vehicle Code.

Keller filed a statutory appeal from the suspension, alleging that he "did not have a lapse in insurance of greater than 30 days;" he "changed insurance

---

**(continued…)**

> suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility.

[2] The scenarios listed in the Department's letter were: (1) if Keller had obtained insurance with a new insurance company before or on the same date that his previous insurance was cancelled; (2) if Keller had obtained valid insurance within 30 days after his previous insurance was cancelled; (3) if Keller's insurance was reinstated with the same company and there was no lapse in coverage; (4) if Keller cancelled his insurance and he was not going to obtain insurance; (5) if Keller did not have insurance and more than 30 days elapsed from the cancellation date; (6) if Keller sold or traded his vehicle; or (7) if Keller's vehicle was repossessed. R.R. at 33a-34a.

companies;" and "the evidence will show the lapse was from August 20, 2014, through September 10, 2014, less than 30 days." R.R. at 7a. In May 2015, the trial court held a hearing and Keller appeared *pro se*. The Department presented a packet of certified documents demonstrating that it had electronically received notice that the insurance on Keller's vehicle through Viking was cancelled on July 14, 2014, and that it had provided the requisite statutory notice for the registration suspension. *Id.* at 28a-35a.

Keller testified that he currently has insurance, and he offered a financial responsibility identification card issued by Titan, a subsidiary of Victory Fire and Casualty (Victory), showing that he was insured by Titan as of September 11, 2014. Although Keller did not produce evidence that he was insured through either Victory or his prior insurer Foremost, a subsidiary of Viking, for the period of July 14, 2014, through September 11, 2014, he was adamant that there was no lapse in his insurance coverage and that he had merely changed insurers to save money. Keller testified:

> [T]he state contacted me saying they wanted my license plate from my vehicle and I didn't know what they're talking about. Said the insurance had lapsed. Well, I had no knowledge of that, [be]cause I got a[n] old card here and a new one. And there was no thirty (30) days in between the two. Matter of fact, I renewed it the same month that they say this one here expired. Nine, Twenty-eight and I renewed this on Nine, Eleven. I just changed companies is all I did. I got a different company because it was cheaper for me. I'm on social security, I can't afford those big rates.

R.R. at 16a. At the conclusion of the hearing, the trial court dictated an order stating, "the court is satisfied [Keller]'s insurance had not lapsed for a period of

thirty days.  [The Department's] Petition to confiscate the plates for a period of ninety days is denied." *Id.* at 23a.

In the Pa. R.A.P. 1925(a) opinion filed in support of its order, the trial court explained that it "was left with the impression that the evidence presented by counsel for [the Department], while credible, was not sufficient to create the rebuttable presumption that [Keller] had been without insurance for his motor vehicle from 14 July 2014 to 11 September 2014." R.R. at 48a.  The trial court stated that, notwithstanding the Department's certified documents, "it could not be certain that [Viking] had provided sufficient notice of termination of [Keller]'s policy to both [the Department] and [Keller] such as to warrant suspension of [Keller]'s auto registration . . . ." *Id.*[3]  The trial court concluded that its post-hearing review of the transcript, the Department's evidence, and the applicable case law supported its determination "that [the Department]'s evidence did not include proof of notice from [Keller]'s auto insurer to either Party as to the termination of [Keller]'s insurance and that, therefore, [the Department] had not made out a *prima facie* case against [Keller]." *Id.* at 49a (footnote omitted).

In this appeal,[4] the Department argues that the trial court erred in sustaining Keller's statutory appeal on the basis that it had not established a *prima*

---

[3] In support, the trial court cited Keller's "apparent sincerity in claiming that his insurance had not lapsed" and the observation by the Department's counsel that "'mistakes happen' and that [she was] 'not really sure how to resolve [the matter]' . . . ." R.R. at 48a-49a (footnote omitted).

[4] Our scope of review is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court erred as a matter of law or abused its discretion. *Deklinski v. Department of Transportation, Bureau of Motor Vehicles*, 938 A.2d 1191, 1194 n.5 (Pa. Cmwlth. 2007), *appeal denied*, 959 A.2d 321 (Pa. 2008).

4

*facie* case supporting the three-month suspension of his vehicle registration under Section 1786(d).[5] We agree.

In registration suspension cases arising under Section 1786 of the Vehicle Code, the Department bears the initial burden of proving that a lapse in the required financial responsibility has occurred. The Department must prove that: (1) the vehicle is registered or is of a type required to be registered; and (2) it received notice that financial responsibility on the vehicle has been terminated or that proof of financial responsibility was not provided when requested. Section 1786(d)(3)(i), (ii) of the Vehicle Code, 75 Pa. C.S. §1786(d)(3)(i), (ii). The Department may satisfy its burden by certifying that it received documents or electronic transmissions from the insurance company informing the Department that the insurance coverage has been terminated. *McGonigle v. Department of Transportation, Bureau of Motor Vehicles,* 37 A.3d 1273, 1274 (Pa. Cmwlth. 2012). *See also Deklinski*, 938 A.2d at 1194 ("'*The [D]epartment's certification of its receipt* of documents or electronic transmission from an insurance company informing the [D]epartment that the person's coverage has lapsed, been canceled or terminated *shall also constitute prima facie proof*' of such termination.") (quoting Section 1377(b)(2) of the Vehicle Code, 75 Pa. C.S. §1377(b)(2), and emphasis in original).

The Department satisfied its burden of proof in this case through the admission of its certified documents showing that Viking terminated Keller's

---

[5] We precluded Keller from filing an appellate brief after he failed to comply with our prior order directing him to do so by January 12, 2016.

insurance on July 14, 2014, for non-payment. R.R. at 31a.[6] The burden then shifted to Keller to rebut the presumption of a lapse in his insurance by clear and convincing evidence[7] that insurance was continuously maintained on his vehicle, *see* Section 1786(d)(3)(ii), or, alternatively, that he fits within one of the three exceptions set forth in Section 1786(d)(2)(i)-(iii). *Deklinski*, 938 A.2d at 1194. Those exceptions are, in pertinent part:

> (i) The owner or registrant proves to the satisfaction of the [D]epartment that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.
>
> (ii) The owner or registrant is a member of the armed services of the United States, the owner or registrant has previously had the financial responsibility required by

---

[6] The trial court's determination that Keller was not notified by Viking of the termination of his policy or that it was the Department's burden to prove that he received such notice as part of its burden of proof is incorrect both factually and legally. Our review of the record shows that Keller asserted that there was no lapse in his insurance; he never asserted in his pleadings or his testimony that he did not receive notice of the termination. *See* Section 1786(d)(5) of the Vehicle Code, 75 Pa. C.S. §1786(d)(5) ("An alleged . . . termination of insurance by an insurer may only be challenged by requesting review by the Insurance Commissioner pursuant to Article XX of the act of May 17, 1921 (P.L. 682, No. 284) . . . . Proof that a timely request has been made to the Insurance Commissioner for such a review shall act as a supersedeas, staying the suspension of registration or operating privilege under this section. . . ."). The Department's burden under the Vehicle Code in such a registration suspension case is outlined above and does not require proof that Keller received notice of the termination.

[7] As the Supreme Court has explained, "clear and convincing evidence" is "testimony that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction without hesitancy, of the truth of the precise facts in issue." *Matter of Chiovero*, 570 A.2d 57, 60 (Pa. 1990). "Whether evidence meets this standard is a question of law, and evidence may be substantial yet fail to meet the more stringent standard of clear and convincing." *Fell v. Department of Transportation, Bureau of Motor Vehicles*, 925 A.2d 232, 239 (Pa. Cmwlth. 2007) (citation omitted).

6

this chapter, financial responsibility had lapsed while the owner or registrant was on temporary, emergency duty and the vehicle was not operated during the period of lapse in financial responsibility.

(iii) The insurance coverage has terminated or financial responsibility has lapsed simultaneously with or subsequent to expiration of a seasonal registration, as provided in section 1307(a.1) (relating to period of registration).

75 Pa. C.S. §1786(d)(2)(i)-(iii).

Because there is no allegation that Keller is a member of the United States armed services or that he maintained only a seasonal registration, the only pertinent exception is Subsection 1786(d)(2)(i). However, an owner of a vehicle does not fall within this exception if the lapse in financial responsibility coverage lasts longer than 31 days. *See Banks v. Department of Transportation, Bureau of Motor Vehicles*, 856 A.2d 294, 296 (Pa. Cmwlth. 2004). That is so even if the vehicle was not driven during the time the vehicle was uninsured. *Burton v. Department of Transportation, Bureau of Motor Vehicles*, 973 A.2d 473, 475 (Pa. Cmwlth. 2009). The lapse in this case was for 59 days, from July 14, 2014, to September 11, 2014, and the Vehicle Code explicitly provides for a 3-month suspension of the vehicle registration if the lapse is more than 31 days.[8]

---

[8] Keller's uncorroborated testimony that there was no lapse in his insurance coverage "is insufficient to meet the strict evidentiary standard required to overcome the statutory presumption. Additionally, a financial responsibility insurance card is insufficient to prove coverage on a particular date because if insurance coverage is cancelled or terminated, the policyholder would still have the proof of insurance card indicating that he or she had insurance during the entire policy period." *Fell*, 925 A.2d at 239 (citations omitted).

Accordingly, the trial court's order is reversed and the three-month registration suspension is reinstated.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Keller Sr.                     :
                                       : No. 1016 C.D. 2015
              v.                       :
                                       :
Commonwealth of Pennsylvania,          :
Department of Transportation,          :
Bureau of Motor Vehicles,              :
                                       :
              Appellant                :


O R D E R


AND NOW, this 2<u>nd</u> day of <u>March</u>, 2016, the order of the Bradford County Court of Common Pleas dated May 12, 2015, is REVERSED and the three-month suspension of Richard Keller Sr.'s vehicle registration is REINSTATED.


MICHAEL H. WOJCIK, Judge