IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Alissa Crain | : |
| | : |
| v. | : No. 706 C.D. 2022 |
| | : Submitted: May 12, 2023 |
| Commonwealth of Pennsylvania, | : |
| Department of Transportation, | : |
| Bureau of Motor Vehicles, | : |
| | : |
| Appellant | : |

BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                    FILED:  August 22, 2023

The Department of Transportation, Bureau of Motor Vehicles (DOT) appeals the order of the Bradford County Court of Common Pleas (trial court) sustaining the statutory appeal of Alissa Crain (Licensee) from the three-month suspension of her vehicle registration pursuant to Section 1786(d)(1) of the Vehicle Code[1] for failure to maintain the required financial responsibility.  We reverse.

---

[1] 75 Pa. C.S. §1786(d)(1).  Section 1786(a) of the Vehicle Code mandates that "[e]very motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility."  75 Pa. C.S. §1786(a). Section 1786(d)(1) provides for the suspension of registration and operating privilege for the failure to maintain the required financial responsibility stating, in pertinent part:

**(Footnote continued on next page…)**

Licensee is the registered owner of a 2002 Toyota station wagon, title number 84077461 (vehicle), which was insured by Esurance Property and Casualty Insurance Company (Esurance). By letter mailed February 16, 2022, DOT notified Licensee that it had received information from Esurance that the insurance policy covering her vehicle was cancelled on January 15, 2022. The letter requested that Licensee provide verification of insurance coverage on the vehicle or her vehicle registration would be suspended for three months. Licensee failed to provide the requested information and by Official Notice mailed April 9, 2022, DOT informed Licensee that the registration for the vehicle would be suspended for three months effective May 14, 2022, as authorized by Section 1786(d)(1) of the Vehicle Code. Licensee appealed the suspension to the trial court.

At the hearing before the trial court, DOT offered into evidence the following documents in support of its position that Licensee failed to maintain the required financial responsibility on her vehicle: (1) DOT's initial letter to Licensee mailed February 16, 2022; (2) the Official Notice of the suspension mailed April 9, 2022; (3) electronic transmission received from Esurance certifying the termination of Licensee's insurance on January 15, 2022; (4) DOT's computer printout of the vehicle's details indicating the required financial responsibility was terminated at Licensee's request; and (5) the certification of Stephen J. Madrak, Director of the

---

> [DOT] shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if [DOT] determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility.

75 Pa. C.S. §1786(d)(1).

Bureau of Motor Vehicles, certifying that all of DOT's submitted documents were true and correct. *See* Reproduced Record (RR) at 29a-36a.

In response, Licensee testified, in relevant part:

> Okay, so the [] teenager that I'm in charge of, I'm the guardian of, he needs a lot more driving experience. So, I did not feel comfortable with having him drive in the winter time. He is on a learner's permit. So I called Esurance, car insurance, on January 15th and I specifically asked them if it was okay if I put the insurance on hold because it was, it's $800.00 for him to have car insurance on this car and being a single parent I did not have the money to pay for that and the car wasn't being driven anyway, and neither was he. So, they told me that that was, I was able to do that, and there w[ere] no restrictions, I had no problems. Um, I didn't have to do anything, they would just put it on hold in the system. So, they put it on hold and then in April[,] I received this letter from [DOT] saying that I would either have to send in the plates, pay a five hundred dollar fine, or appeal it. Appeal the registration suspension. So I'm appealing it. [H]ad Esurance told me you are not allowed to have a car sit in your driveway with no insurance with plates on, I obviously would not have done that. I do not have anything on my record showing that I'm a bad person, I have no fines, I've not been in the court system. [] I literally wouldn't have done that. So this is truly an honest mistake[, a]nd I would like it to just be thrown out and be a lesson learned.

RR at 22a-23a. Licensee also testified that she did not receive DOT's initial February 16, 2022 letter notifying her that it had received information from Esurance that there was a lapse in the required financial responsibility, and that she reinstated the insurance on the vehicle on April 6, 2022. *See id.* at 21a, 26a-27a.

On June 7, 2022, the trial court filed an order granting Licensee's appeal, and vacating DOT's registration suspension, because Licensee did not receive DOT's February 16, 2022 letter notifying her that it had received information

3

from Esurance that there was a lapse in the required financial responsibility. *See* RR at 37a.[2] DOT then filed this appeal of the trial court's order.[3]

---

[2] In its Pa.R.A.P. 1925(a) Opinion filed in support of its order, the trial court explained:

> The appeal was granted based on my mistaken belief that the letter dated February 16, 2022, which [Licensee] did not receive, was intended to provide her with information and an opportunity to cure her "honest mistake." Specifically, I had the impression that the initial letter, which advised [Licensee] of the law that allows for an owner to avoid suspension if "the lapse in financial responsibility coverage was for a period of less than 31 days and the owner or registrant did not operate . . . the vehicle during the period of lapse," was an *advance* notice of a potential violation. *See* [Section 1786(d)(2) of the Vehicle Code,] 75 Pa. C.S. §1786(d)(2); [DOT's] letter dated February 16, 2022 (Registration will not be suspended "[i]f you obtained valid insurance within 30 days from when your previous insurance was cancelled; . . . [and] [i]f you did not operate the vehicle [during the lapse).]"

> Upon closer view, such letter was not even sent until thirty (30) days had passed since the alleged cancellation. Accordingly, despite the potential equity in affording drivers an opportunity to obtain insurance within the thirty (30)[-]day grace period the law allows, and despite that prompt notice by [DOT] to drivers whose insurance has been cancelled would likely be a responsible step to try to keep uninsured drivers off the road, [DOT's] letter, sent two days beyond the grace period, could have no such positive impact. Rather, [DOT], for whatever reason, waited until 32 days after the alleged date of cancellation to advise [Licensee] of her options. At that point, the 30-day grace period having lapsed, there was nothing she could do to correct her "honest mistake," even though the car had not been driven.

> Accordingly, to the extent th[is] Court can determine from the record evidence that [DOT] met its burden, then [DOT's] appeal should be granted, and the suspension reinstated. If the record evidence is insufficient, then the appeal should be denied.

RR at 53a-54a (emphasis in original and footnote omitted).
**(Footnote continued on next page…)**

On appeal, DOT claims[4] that the trial court erred in vacating Licensee's registration suspension because it demonstrated that a lapse of the required financial responsibility on the vehicle had occurred, and it is irrelevant that she did not receive its February 16, 2022 letter warning her of the impending registration suspension for that lapse in coverage. We agree.

In a registration suspension case under Section 1786(d)(1) of the Vehicle Code, DOT bears the initial burden of proving that a lapse in the required financial responsibility has occurred. Specifically, Section 1786(d)(3) states:

> The court's scope of review in an appeal from a vehicle registration suspension shall be limited to determining whether:
>
> (i) the vehicle is registered or of a type that is required to be registered under this title; and
>
> (ii) there has been . . . notice to [DOT] of a lapse, termination or cancellation in the financial responsibility coverage as required by law for that vehicle. . . . Notice to [DOT] of the lapse, termination or cancellation or the failure to provide the requested proof of financial responsibility shall create a presumption that the vehicle lacked the requisite financial responsibility. This presumption may be overcome by producing clear and convincing evidence that the vehicle was insured at all relevant times.

75 Pa. C.S. §1786(d)(3). In addition, Section 1377(b)(2) provides that "[DOT's] certification of its receipt of documents or electronic transmission from an insurance

---

[3] Our review of the trial court's order sustaining Licensee's appeal is limited to determining whether the trial court committed a reversible error or abused its discretion and whether the necessary findings of fact are supported by substantial evidence. *Deklinski v. Department of Transportation, Bureau of Driver Licensing*, 938 A.2d 1191, 1194 n.5 (Pa. Cmwlth. 2007).

[4] Licensee has been precluded from filing an appellate brief in this matter.

5

company informing [DOT] that the person's coverage has lapsed, been canceled or terminated shall also constitute *prima facie* proof" of a lapse in coverage. 75 Pa. C.S. §1377(b)(2); *accord Deklinski*, 938 A.2d at 1194 (citing *Fagan v. Department of Transportation, Bureau of Motor Vehicles*, 875 A.2d 1195, 1198 (Pa. Cmwlth. 2005)).

DOT's certification of the electronic transmission received from Esurance stating that Licensee's coverage was terminated at her request established its *prima facie* case, creating a presumption that Licensee lacked the necessary financial responsibility. The burden then shifted to Licensee to rebut this presumption "by presenting clear and convincing evidence of record 'that financial responsibility was continuously maintained on the vehicle . . . or that [she] fits within one of the three statutorily defined defenses outlined in Section 1786(d)(2)(i)-(iii).'" *Deklinski*, 938 A.2d at 1194 (quoting *Fell v. Department of Transportation, Bureau of Motor Vehicles*, 925 A.2d 232, 237-38 (Pa. Cmwlth. 2007)).

Licensee admitted that she did not continuously maintain financial responsibility on the vehicle because it was terminated on January 15, 2022, at her request, and she did not reinstate the insurance until April 6, 2022, three days before DOT mailed her the Official Notice of the registration suspension. *See* RR at 22a-23a, 26a-27a. To sustain her appeal, Licensee had to provide clear and convincing evidence[5] that she fits one of the statutory exceptions. Section 1786(d)(2)(i)-(iii) of the Vehicle Code outlines these exceptions stating, in relevant part:

> This subsection shall not apply in the following circumstances:

---

[5] Clear and convincing evidence "is defined as testimony that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Fagan*, 875 A.2d at 1199 (citations omitted).

(i) The owner or registrant proves to the satisfaction of [DOT] that the lapse in financial responsibility coverage was for a period of *less than 31 days* and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.

(ii) The owner or registrant is a member of the armed services of the United States, the owner or registrant has previously had the financial responsibility required by this chapter, financial responsibility had lapsed while the owner or registrant was on temporary, emergency duty and the vehicle was not operated during the period of lapse in financial responsibility. . . .

(iii) The insurance coverage has terminated or financial responsibility has lapsed simultaneously with or subsequent to expiration of a seasonal registration, as provided in [S]ection 1307(a.1) (relating to period of registration).

75 Pa. C.S. §1786(d)(2)(i)-(iii) (emphasis added).

Licensee admitted that her insurance coverage lapsed from January 15, 2022, through April 6, 2022. Because this lapse was more than 31 days, she does not fit the first exception regardless of the fact that she testified that the vehicle was not driven during that period of time. In addition, the record is devoid of any evidence that Licensee was a member of the armed services, or that she maintained only a seasonal registration on the vehicle under Section 1307(a.1) of the Vehicle Code.[6] As a result, Licensee does not meet either of the two remaining exceptions.

---

[6] 75 Pa. C.S. §1307(a.1). Section 1307(a.1) states, in pertinent part:

Upon application on a form prescribed by [DOT], the owner or lessee of a passenger car . . . which does not have a gross vehicle weight rating of more than 14,000 pounds may register the vehicle with [DOT] for a period of successive months of less than one year. The applicant shall specify the period of months during which the vehicle shall be registered.

7

Because Licensee did not sustain her burden of proof, or demonstrate that she falls into one of the exceptions in Section 1786(d)(2) of the Vehicle Code, the trial court erred in sustaining her appeal and vacating the registration suspension imposed under Section 1786(d)(1).[7]

Accordingly, the trial court's order is reversed and DOT's three-month registration suspension is reinstated.

_____
MICHAEL H. WOJCIK, Judge

---

[7] Licensee's ignorance of the consequences for failing to maintain financial responsibility is simply not a defense to the instant registration suspension. *See, e.g.*, *Department of Transportation, Bureau of Driver Licensing v. Sloane Toyota, Inc.*, 558 A.2d 585, 587 (Pa. Cmwlth. 1989) ("The activity in question did not concern inadvertent recording or misfiling of information, but instead concerned [the certificant's] ignorance or lack of knowledge of state regulations regarding the certification of emission inspection stations. Under [the relevant regulation,] we conclude that [the certificant] must be held liable for 155 separate violations of furnishing and receiving certificates.").

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alissa Crain                          :
                                      :
              v.                      :   No.  706 C.D. 2022
                                      :
Commonwealth of Pennsylvania,         :
Department of Transportation,         :
Bureau of Motor Vehicles,             :
                                      :
                     Appellant        :

# **O R D E R**

AND NOW, this 22nd day of August, 2023, the order of the Bradford County Court of Common Pleas dated June 1, 2022, is REVERSED.

_____
MICHAEL H. WOJCIK, Judge