**Jennifer BURTON**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 27, 2009.

Decided May 5, 2009.

Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

BEFORE: McGINLEY, Judge, LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles (DOT) appeals from the August 14, 2008, order of the Court of Common Pleas of Allegheny County (trial court), which sustained the appeal of Jennifer Burton (Burton) challenging DOT's suspension of her vehicle registration pursuant to section 1786(d) of the Vehicle Code.[1] We reverse.

On March 26, 2008, GEICO Indemnity Company (GEICO) cancelled Burton's auto insurance policy for non-payment of premiums. As a result, DOT imposed a three-month suspension of her vehicle registration. Burton filed an appeal with the trial court, which held a hearing on the matter.

At the *de novo* hearing, DOT presented evidence that it had received notice of GEICO's cancellation of Burton's insurance coverage on March 26, 2008, and that GEICO had issued a new policy to Burton, effective April 27, 2008. DOT argued that it had properly imposed the three-month suspension because Burton's insurance coverage had lapsed for thirty-two days. In opposition, Burton testified that: (1) she did not operate her vehicle during the period from March 26, 2008, to April 27, 2008; and (2) although GEICO informed DOT that the new policy was effective April 27, 2008, GEICO actually reinstated her policy on April 26, 2008, while she was at the GEICO office. The trial court accepted Burton's testimony and, stating, "Ma'am, I may get reversed on this," (R.R. at 13a), the trial court sustained Burton's appeal. DOT now appeals to this court.[2]

Initially, DOT acknowledges that it lacks statutory authority to suspend a vehicle registration under section 1786(d) of the Vehicle Code where the owner proves to the satisfaction of DOT that the lapse in coverage "was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse...." Section 1786(d)(2)(i) of the Vehicle Code, 75 Pa.C.S. § 1786(d)(2)(i). However, DOT argues that the trial court, even after accepting Burton's testimony that GEICO

---

1. 75 Pa.C.S. § 1786(d). Section 1786(d)(1) of the Vehicle Code authorizes DOT to suspend a vehicle registration for a period of three months if DOT determines that the required financial responsibility was not secured. 75 Pa.C.S. § 1786(d)(1).

2. Our scope of review is limited to determining whether the trial court committed an error of law or abused its discretion. *Dinsmore v. Department of Transportation, Bureau of Driver Licensing*, 932 A.2d 350 (Pa.Cmwlth. 2007).

reinstated her policy on April 26, 2008, erred in concluding that Burton proved a lapse in coverage for less than thirty-one days. We agree.

Section 1908 of the Statutory Construction Act of 1972 provides as follows:

> When any period of time is referred to in any statute, such period in all cases, except as otherwise provided in section 1909 of this title (relating to publication for successive weeks) and section 1910 of this title (relating to computation of months) shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.

1 Pa.C.S. § 1908.

Here, the first day of the cancellation of Burton's insurance policy was Thursday, March 27, 2008, and the thirtieth day was Friday, April 25, 2008. Burton testified that her policy was reinstated on April 26, 2008, on the thirty-first day of the lapse. Thus, Burton's testimony does not establish a lapse in coverage of less than thirty-one days.

Accordingly, we reverse.

### O R D E R

AND NOW, this 5th day of May, 2009, the order of the Court of Common Pleas of Allegheny County, dated August 14, 2008, is hereby reversed.